UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER PECHO, individually and on behalf of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>MAUI JIM, INC., an Illinois Corporation; and MAUI JIM USA, INC., an Illinois Corporation,<br><br>Defendants. | No. 21-cv-06202<br><br>Judge Rebecca R. Pallmeyer |

## MEMORANDUM ORDER

Christopher Pecho ("Plaintiff"), on behalf of a putative class of plaintiffs, filed suit in state court against two Illinois companies, Maui Jim, Inc. and Maui Jim USA, Inc. (collectively, "Maui Jim" or "Defendants") and one Delaware corporation, Fittingbox, Inc. ("Fittingbox"), for alleged violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA"). Plaintiff alleges that Defendants unlawfully collected his facial geometry when he used Fittingbox's Virtual Try-On software to superimpose eyewear on his face on Maui Jim's website. Fittingbox removed the case to federal court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

Following removal, Plaintiff moved to remand [20]. Plaintiff contends that CAFA's mandatory "local controversy" exception applies because more than two-thirds of the proposed class are likely citizens of Illinois. *See* 28 U.S.C. § 1332(d)(4). In the alternative, Plaintiff asks for leave to conduct jurisdictional discovery to assess the applicability of CAFA's local controversy exception. Defendants oppose remand, arguing that nothing filed after removal should affect the court's jurisdictional analysis. After the parties briefed this issue, Plaintiff filed a Second Amended Complaint, dropping his claims against Fittingbox. Fittingbox and Maui Jim also have moved the court to dismiss Plaintiff's complaint for failure to state a claim [28, 29]. Since submission of the

1

briefs on these motions, Defendants have submitted additional authority in support of their argument for dismissal [55].

The court concludes it cannot resolve the jurisdictional question without evidence on whether CAFA's local controversy exception applies to Plaintiff's Section 15(b) claim, and therefore orders discovery on that issue and strikes Plaintiff's motion to remand [20] without prejudice.  As the jurisdictional question must be resolved before the merits, the court strikes without prejudice Maui Jim's motions to dismiss [28].  Fittingbox is no longer a party to this suit, and the court terminates its motion [29] as moot.

## **BACKGROUND**

At this stage of the proceedings, the court accepts the allegations in Plaintiff's complaint as true.  Maui Jim is an Illinois company that sells luxury sunglasses and apparel.[1]  *See* Pl.'s Second Amendment Complaint ("SAC") [38], ¶¶ 2, 16, 23.)  In September 2021, Plaintiff, a resident of Cook County, visited Maui Jim's website.  (*Id.* ¶¶ 26–27.)  Plaintiff used Maui Jim's "Virtual Try-On" software—which scans shoppers' facial geometry—to digitally superimpose various pairs of sunglasses on his face.  (*Id.* ¶¶ 24, 28.)

Plaintiff alleges that Maui Jim's use of the Virtual Try-On software violates provisions of BIPA, which regulates companies that collect and store Illinois citizens' biometric data.  (*Id.* ¶ 4.)

Plaintiff pursues this litigation as a class action under 735 ILCS 5/2-801.  (*See id.* ¶ 37.) He asserts that, by operating its website, Maui Jim "captured, collected, received through trade, or otherwise obtained, and store thousands of templates of facial geometry—highly detailed geometric maps of the face—from thousands of Illinois individuals."  (*Id.* ¶ 10.)  He seeks to represent a class of "[a]ll individuals whose biometrics were captured, collected, received through trade, or otherwise obtained, and/or disseminated through the use of Maui Jim's 'Virtual Try-On' software within the state of Illinois any time within the applicable limitations period."  (*Id.*)

---

[1] The parties do not describe the relationship between Maui Jim, Inc. and Maui Jim USA, Inc. or clarify which entity directly sells sunglasses.

**PROCEDURAL HISTORY**

When Plaintiff initially filed this case in state court, he named Fittingbox—a Delaware corporation that licensed the Virtual Try-On software to Maui Jim—as a Defendant. Fittingbox removed the case to this court pursuant to CAFA. 28 U.S.C. § 1332(d). That provision authorizes removal so long as there is "minimal diversity of citizenship" between the parties and the amount in controversy exceeds $5,000,000. *Id.* The parties agree that these requirements were satisfied at the time of removal.

After the case was removed, Plaintiff moved to remand under an exception to CAFA that obligates the court to decline to exercise jurisdiction over local controversies. (*See* Pl.'s Mot. To Remand [20].) In the alternative, Plaintiff moved to sever and remand claims for which he argues he lacks federal standing, and, for the remaining claims, to permit jurisdictional discovery in order to assess the applicability of CAFA's local controversy exception. (*Id.* at 14.) Fittingbox opposed Plaintiff's motion, arguing that the local controversy exception does not apply, that Plaintiff does have standing to pursue these claims in federal court, and that jurisdictional discovery would be futile. *See* Fittingbox Inc.'s Response to Pl.'s Mot. to Remand [34] (hereinafter "Def.'s Resp."). Maui Jim adopted Fittingbox's response. [35.]

Soon after Fittingbox and Maui Jim filed these motions, Plaintiff amended his complaint, removing Fittingbox as a Defendant. (*See* SAC ¶¶ 16–17 (omitting Fittingbox from list of parties).) With only the Maui Jim Defendants, both Illinois citizens, remaining, Plaintiff argues that CAFA's location controversy exception squarely applies, mandating remand. (*See* Pl. Rep. in Supp. Of Mot. to Remand [41] (hereinafter "Pl.'s Rep.").) Maui Jim responds that the court cannot consider post-removal amendments when assessing the applicability of CAFA's local controversy exception. (*See* Def.'s Sur-Reply in Opp. to Pl.'s Mot. [44].) Additionally, Maui Jim urges the court to dismiss Plaintiff's SAC. (*See* Def.'s Rep. in Supp. of Def.'s Mot. to Dismiss [53].)

**DISCUSSION**

This case presents a number of jurisdictional issues, including the question of whether Plaintiff has Article III standing to pursue claims under Sections 15(a) and (c) of BIPA. As to that issue, the parties are in an unusual posture, in that Plaintiff, who seeks remand, argues that he does not have standing to pursue these claims, while Defendants, resisting remand, insist that he does. There is, for now, no challenge to Plaintiff's standing to proceed on Section 15(b), but Plaintiff urges that the court should decline to exercise jurisdiction over his Section 15(b) claim and remand the claim (along with the rest of the case) due to CAFA's local controversy exception. Because binding precedent requires "evidence" to resolve that question—and Plaintiff relies only on logical deduction from his proposed class definition—the court orders jurisdictional discovery.

**I.     The Operative Complaint Governs the Applicability of a CAFA Exception.**

Even when the basic requirements of subject matter jurisdiction under CAFA exist, the "local controversy" exception may require the court to remand the case, if the elements of that exception are present. Defendants assert that the local controversy exception would not apply as a matter of law if the court were to analyze Plaintiff's first amended complaint ("FAC"). Plaintiff contends that the exception would require remand even on his original complaint. But for the reasons explained here, the court will consider the operative Second Amended Complaint ("SAC") in assessing the "local controversy" exception.

The Seventh Circuit has acknowledged that "[w]hether abstention under the Class Action Fairness Act should be evaluated based on the original complaint or instead on circumstances that may change as the case proceeds is an open issue in this circuit." *Johnson v. Diakon Logistics, Inc.*, 44 F.4th 1048, 1051 (7th Cir. 2022). Two judges in this district have considered the issue, reaching different results. In *McInnis v. SureStaff, LLC*, the court remanded a CAFA case to state court under the local controversy exception when, after post-removal amendments, the remaining named plaintiffs, defendants, and entire putative class were citizens of Illinois. No. 21 C 0309, 2021 WL 4034072 (N.D. Ill. Sept. 3, 2021). That court concluded that "changes to the

4

action may be taken into account under CAFA's 'decline to exercise' clause." *Id.* at *1. In reaching this conclusion, the *McInnis* court relied on the Seventh Circuit's prior characterization of the local controversy exception as "concern[ing] whether the court exercises jurisdiction to the full, not whether it exists." See *Myrick v. WellPoint, Inc.*, 764 F.3d 662, 665 (7th Cir. 2014).

By contrast, in *Treadwell v. Power Solutions Int'l*, on which Defendants rely, the court declined to remand a CAFA action under the local controversy exception when the parties agreed that federal jurisdiction existed under CAFA at the time of removal. No. 18 C 8212, 2019 WL 3555277 at *1 (N.D. Ill. Aug. 5, 2019). Notably, the *Treadwell* court did not cite to *Myrick* and did not grapple with the distinction between having jurisdiction and declining to exercise it.

The court finds *McInnis* more persuasive because it demonstrates closer allegiance to the Seventh Circuit's recognition that whether the court has CAFA jurisdiction and whether it must decline to exercise it are two distinct inquiries. The court will thus consider Plaintiff's post-removal SAC.

## II.    Jurisdictional Discovery Is Appropriate Here.

The local controversy exception requires that (a) two-thirds of the members of the putative class and sub class be citizens of a state where the action was filed, 28 U.S.C. § 1332(d)(4)(A)(i)(I); (b) at least one defendant—from whom significant relief is sought and whose conduct forms a significant basis for the claim—must be a citizen of the filing state, 28 U.S.C. § 1332(d)(4)(A)(i)(II); (c) plaintiff's principal injuries must have occurred in the filing state, 28 U.S.C. § 1332(d)(4)(A)(i)(III); and (d) no other class action filed against the defendant on behalf of same or other person may have been filed in the three years leading up to the present action. 28 U.S.C. § 1332(d)(4)(A)(ii).

Only requirement (a)— that two-thirds of the class be citizens of Illinois—is meaningfully disputed here.[2] Though the court is sympathetic to Plaintiff's assumption that, logically, a class

---

[2] Maui Jim and Maui Jim Inc., both citizens of Illinois, are the only Defendants named in the SAC, so they necessarily are "significant defendants" under 28 U.S.C. § 1332(d)(4)(A)(i)(II).

5

limited to individuals harmed in Illinois would likely produce a class of mostly Illinois citizens (Pl.'s Rep. [41] at 5), his argument that the court may simply adopt this assumption has been explicitly rejected by the Seventh Circuit.

Under binding precedent, Plaintiff bears the burden of establishing by a "preponderance of the *evidence* that two-thirds of [his] proposed class members are [Illinois] citizens." *In re Sprint Nextel Corp.*, 593 F.3d 669, 673 (7th Cir. 2010) (emphasis added). In other words, Plaintiff must "produce some evidence that would allow the court to determine the class members' citizenships on the date the case was removed." *Myrick*, 764 F.3d at 665. Plaintiff's appeal to logic—*i.e.*, "guesswork"—while persuasive, is "insufficient." *Sprint*, 593 F.3d at 676. Because he offers no evidence beyond his own citizenship, Plaintiff cannot meet his burden to show that two-thirds of the putative class are citizens of Illinois.

Accordingly, the court exercises its discretion to order jurisdictional discovery. *See Sanderson v. Spectrum Labs, Inc.*, 248 F.3d 1159 (Table), 2000 WL 1909678, *3 (7th Cir. 2000). The court does so while acknowledging that the home state exception likely applies here, given that the class is defined to include only people who were harmed in Illinois—in other words, people who used the Virtual Try-On software in Illinois. The court finds it difficult to imagine that more than one-third of those putative plaintiffs were not also citizens at the time this case was filed. *See Luster v. JRE Fin., LLC*, No. 3:21-CV-00698-MAB, 2022 WL 255408, at *6 (S.D. Ill. Jan. 27, 2022) (courts consider how likely the exception is to apply in considering whether to order jurisdictional discovery.)

On the other hand, Maui Jim has not asserted that jurisdictional discovery would be futile—unlike Fittingbox, which argued that it did not collect or retain users' identifying information. (*See* Def.'s Resp. [34] at 9–10.); *Luster*, 2022 WL 255408, at *6 (courts consider whether class information is readily available to the defendant).

---

The principal injuries occurred in Illinois, where BIPA is in force. *See* 28 U.S.C. § 1332(d)(4)(A)(ii). There has been no action in the preceding three years that would implicate § 1332(d)(4)(A)(ii).

6

The court reminds the parties that they need not determine the citizenship of every putative class member individually to present evidence on this question. In other cases, class action plaintiffs have taken a random sample of the class members to determine citizenship. *See Keltner v. SunCoke Energy, Inc.*, No. 3:14-CV-01374-DRHPMF, 2015 WL 3400234, at *6 (S.D. Ill. May 26, 2015) (quoting *Myrick*, 764 F.3d at 665) ("[T]here's at least one more option: take a random sample of policyholders (100, say), ascertain the citizenship of each of these on the date the case was removed, and extrapolate to the class as a whole.").

The court expects the parties to develop an approach to clarify class member citizenship to the degree necessary for the court to resolve whether the local controversy exception applies.

## CONCLUSION

For the foregoing reasons, the court strikes Plaintiff Pecho's motion to remand [20] without prejudice and grants his request in the alternative for leave to conduct jurisdictional discovery. The court terminates Fittingbox's motion to dismiss [29] as moot. The court strikes Maui Jim's motion to dismiss [28] without prejudice. The parties are directed to submit a written status report on or before October 28, 2022.

ENTER:

Dated: September 29, 2022

_____
REBECCA R. PALLMEYER
United States District Judge